IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG 26 PM 3: 40

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| SHARON MABON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2879-DP |
| | ) | |
| MEMPHIS CITY GOVERNMENT, | ) | |
| MEMPHIS POLICE DEPARTMENT, | ) | |
| CAPTAIN JESSE RICHARDSON in his | ) | |
| official and individual capacity, MGR. RAY | ) | |
| DOUGLAS in his official and individual | ) | |
| capacity, LT. VANESSA HUDSON in her | ) | |
| official and individual capacity, and LT. | ) | |
| TIMOTHY COOK in his official and | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANT CITY OF MEMPHIS' MOTION FOR SUMMARY JUDGMENT

Before the Court is the motion (dkt. #45) of Defendant City of Memphis ("Defendants" or "City") for summary judgment. Plaintiff Sharon Mabon ("Plaintiff") filed her complaint on September 18, 2003, alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). Defendant alleges that Plaintiff did not suffer any violation of Title VII and moves the Court for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, Defendant's motion is GRANTED in part and DENIED in part.[1]

---

[1] Plaintiff failed to respond to Defendant's motion. Thus the motion will be decided on the existing record.

This document entered on the docket sheet in compliance
with Rule 58 and .9(a, . . .5. on _____9/6/05_____

## I. FACTUAL BACKGROUND[2]

Plaintiff was hired by Defendant in 1986 and subsequently promoted to sergeant in August of 1998. In 1996, Plaintiff began considering whether to change her religion from Christian to Hebrew Israelite. According to Plaintiff, the Hebrew Israelite religion requires her to cover her body and head in reverence to God. While considering her decision, from 1996 until 2000, Plaintiff intermittently dressed in accordance with the Hebrew Israelite religion. She did this until 2001 when she made a final decision to follow the Hebrew Israelite religion.

In December, 2001, Plaintiff was assigned a limited-duty position in the Crime Stoppers division due to her pregnancy. Employees in this division are allowed to wear casual dress. Upon return from maternity leave, Plaintiff requested to continue to work in the Crime Stoppers division because she was still unable to perform the full duties of a sergeant. Her request was granted. It is at this time that Plaintiff alleges that Major Ray Douglas began a campaign against the Plaintiff after he and the Plaintiff had a conversation about her religious beliefs. Afterwards, Plaintiff alleges that her requests to work overtime on varying shifts were denied by Captain Jesse Richardson. Captain Richardson requested that Plaintiff submit a memo detailing her request for overtime work, although this was not Defendant's usual policy. In response to Defendant's request, Plaintiff spoke with a union representative regarding her rights. On September 7, 2002, Plaintiff was involuntarily transferred to Felony Response A, which was her assignment prior to December 2001. Upon her reassignment, Plaintiff wore coordinated business attire, pursuant to police department policy. However, Plaintiff alleges that she was confronted by Lieutenant Vanessa Hudson and became

---

[2]The factual allegations are taken from Plaintiff's deposition and are presumed to be true for purposes of this motion only.

aware that she was the subject of numerous conversations by her supervisors, including Major Ray Douglas, in regard to her clothing.  Plaintiff alleges that she took leave from September 5, 2002 to November 18, 2002, due to a hostile and intolerable work environment.  Upon her return, Plaintiff requested a different assignment and was assigned to the General Assignment Bureau.  Plaintiff alleges that Lieutenant Timothy Cook continued to harass her by placing a copy of the dress code in her box, reprimanding her for a scented candle at her desk area, and mocking a picture of the Plaintiff in front of other subordinates and a commissioned officer.  Plaintiff filed a complaint with this Court alleging religious discrimination, hostile work environment, and retaliation in violation of Title VII against the City and the Memphis Police Department, as well as against Captain Jesse Richardson, Major Ray Douglas, Lieutenant Vanessa Hudson, and Lieutenant Timothy Cook.  Defendant filed the instant motion alleging that there is no genuine issue of material fact.

## II. LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In other words, summary judgment is appropriately granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party moving for summary judgment may satisfy its initial burden of proving the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case.  Id. at 325.  This may be accomplished by submitting affirmative evidence

3

negating an essential element of the nonmoving party's claim, or by attacking the opponent's evidence to show why it does not support a judgment for the nonmoving party.  10a Charles A. Wright et al., Federal Practice and Procedure § 2727, at 35 (2d ed. 1998).  Facts must be presented to the court for evaluation.  Kalamazoo River Study Group v. Rockwell Int'l Corp., 171 F.3d 1065, 1068 (6th Cir. 1999).  The court may consider any material that would be admissible or usable at trial.  10a Charles A. Wright et al., Federal Practice and Procedure § 2721, at 40 (2d ed. 1998).  Although hearsay evidence may not be considered on a motion for summary judgment, Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial.  Celotex, 477 U.S. at 324; Thaddeus-X v. Blatter, 175 F.3d 378, 400 (6th Cir. 1999).  In evaluating a motion for summary judgment, all the evidence and facts must be viewed in a light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Wade v. Knoxville Utilities Bd., 259 F.3d 452, 460 (6th Cir. 2001).  Justifiable inferences based on facts are also to be drawn in favor of the non-movant.  Kalamazoo River, 171 F.3d at 1068.

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586.

4

## III. Analysis

### A. Religious Discrimination

In a Title VII action for religious discrimination alleging an employer's disparate treatment of an employee or the employer's failure to accommodate an employee's religious beliefs, a plaintiff has the initial burden of establishing a *prima facie* case that the employer discriminated against her because of her religion.  Beaven v. Commonwealth of Kentucky, 783 F.2d 672, 675 (6th Cir. 1986). In the *prima facie* claim, a plaintiff must show 1) that she holds a bona fide religious belief that conflicts with a requirement of the employer;  2) that she has informed her employer of the conflict; and 3) that she suffered an adverse employment decision for failing to comply with the  employer's requirement.  It is the employer's obligation to accommodate an employee's beliefs or practices that would not impose more than a *de minimis* cost to the employer.  Trans World Airlines v. Hardison, 432 U.S. 63 (1977).  Once the plaintiff has established her *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment decision.  Talley v. Bravo Pitino Restaurant, Ltd., 61 F.3d 1241, 1246 (6th Cir. 1995).

Plaintiff failed to make any additional showing of credible evidence in response to the evidence Defendant presented in the current  motion.  As a result, Plaintiff fails to meet her burden of production for all three prongs.  Defendant and Plaintiff concede that Plaintiff's religious beliefs do not conflict with Defendant's dress code requirements.   Plaintiff has stated that her attire does not conflict with the police department policy on corporate dress and that she is able to wear the police department uniform.  Def. Mot. for Sum. J. at 19, citing Mabon Depo., Vol. I,  ¶ 198 - 200, Vol. II, ¶ 26.  Additionally, Plaintiff has not been officially reprimanded for her attire and has been permitted to wear her choice of clothing.  Def. Mot. for Sum. J. at 20, citing McCann Aff., Ex. 15.

5

In turn, Plaintiff has never requested that Defendant accommodate her religious beliefs. Def. Mot. for Sum. J. at 20, citing Mabon Depo., Vol. I,  ¶  53.  As for the third prong, Defendant presented evidence that budget concerns were the reason why Plaintiff was denied particular shifts and assignments.  Plaintiff has not offered any additional evidence to rebut Defendant's showing.  As Plaintiff has failed to establish a *prima facie* case of discrimination, the Court grants Defendant's motion for summary judgment as to Plaintiff's claims of disparate treatment and failure to accommodate.

### B. Hostile Work Environment

To establish a *prima facie* case of hostile work environment a Plaintiff must show (1) that she is a member of a protected class; (2) that she was subject to unwelcome harassment; (3) that the harassment was based on religion; (4) that the harassment had the effect of unreasonably interfering with her work performance by creating an intimidating, hostile, or offensive work environment; and (5) the existence of employer liability.  Faragher v. City of Boca Raton, 524 U.S. 775, 787-88 (1998); Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993); Newman v. Fed. Express Corp., 266 F.3d 401 (6th Cir. 2001).  A court must consider the totality of the circumstances in determining whether, objectively, the alleged harassment constitutes a hostile work environment.  Williams v. General Motors Corp., 187 F.3d 553, 562 (6th Cir. 1999); Campbell v. Florida Steel Corp., 919 S.W.2d 26, 32 (1996).  Appropriate factors to consider include the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance.  Harris, 510 U.S. at 23.

In viewing the evidence in a light most favorable to the non-movant, Plaintiff's religious dress is protected under Title VII.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587

6

(1986). See Definitions 42 U.S.C. § 2000e(j). Title VII states in relevant part:

> It shall be an unlawful employment practice for an employer--
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a). This provision prohibits an employer from discriminating against an employee on the basis of that employee's beliefs or religious practices. See Definitions at 42 U.S.C. § 2000e(j). Plaintiff's manner of dress often consisted of bright, colorful head coverings of various shapes and designs, with colorful, long flowing, tunic-like tops over flowing pants. Douglas Aff. Ex 24. Plaintiff explained in her own words, "My attire is based upon my way of life (religion). I give reverence to God by covering myself." Id. at Ex. 35.

Defendant does not dispute that Plaintiff's attire subjected her to unwelcome harassment or that this harassment was based on her religion. Defendant presents no evidence to rebut Plaintiff's allegation that Captain Richardson did not let her work the day shift "because he didn't want the inspector to see me." Pl. Depo. Vol. II ¶ 90. Nor did Defendant rebut evidence that Officer Avery told Plaintiff that her outfit was a "clown suit." Pl. Depo. Vol. II ¶ 117.

In addition, Defendant did not contend in its motion that the totality of the incidents did not create an intimidating, hostile, or offensive work environment. Plaintiff averred that she became distressed when she was made aware of the numerous discussions concerning her attire. Specifically, the Court finds that three undisputed incidents create a genuine issue of fact as to the existence of a hostile work environment. On two occasions, the Plaintiff's former supervisor, Major Douglas made comments to Plaintiff's supervisors about her attire. In one instance, Major Douglas communicated

his concerns about Plaintiff's clothing to Lieutenant Vanessa Hudson, who then volunteered to talk to Plaintiff about her clothing.   Douglas Aff. Ex. 31.   Major Douglas also inquired as to Lieutenant Vernetta Mhoon's "opinion about Plaintiff's clothing and expressed his disapproval of her attire because he believed it made it difficult for her to do her job and was simply not appropriate." Mhoon Aff. Ex. 18.  In addition, Defendant does not dispute that Lieutenant Vincent Higgins told Plaintiff that Lieutenant Cook displayed her photograph on a computer and asked another officer "how  would an old, white lady feel if she came up and Sergeant Mabon was her sergeant?" Pl. Depo. Vol. II ¶ 41.

Courts have found that isolated incidents alone must be extremely serious to amount to discriminatory changes in the terms or conditions of employment. <u>Morris v. Oldham County Fiscal Court</u>, 201 F.3d 784, 790 (6th Cir. 2000); <u>Livingston v. Adirondack Beverage Co.</u>, 141 F.3d 434, 437 (2nd Cir. 1998).  However, the determination of whether the circumstances constitute the severity to merit relief for the Plaintiff should be left to the finder of fact. <u>Harris</u>, 510 U.S. at 23.  In <u>Livingston</u>, the court held that a supervisor calling the Latino claimant a "Spic" three times was sufficiently severe to objectively constitute harassment. <u>Livingston</u>, 141 F.3d at 437. The amount of evidence presented in the instant case is similarly sufficient to create a genuine issue of material fact and thus withstand a motion for summary judgment. <u>Id.</u>

Since the named Defendants that allegedly harassed Plaintiff were employees of the Memphis Police Department at the time  of Plaintiff's allegation, there is no dispute as to employer liability. <u>See</u> Order Granting in Part and Denying in Part Def. Mot. to Dismiss Individual Def.  Accordingly the Court denies Defendant's motion for summary judgment as to Plaintiff's hostile work environment claim.

**C. Retaliation**

Title VII's anti-retaliation provision provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made unlawful by [Title VII]." 42 U.S.C. § 2000e-3(a).  To prevail on a claim of retaliation, a plaintiff  must show discriminatory motive.  Johnson v. Department of Health & Human Servs., 30 F.3d 45, 47 (6th Cir. 1994).  A plaintiff may demonstrate discriminatory motive by presenting direct evidence which shows a causal connection between the employer's adverse action against the plaintiff and the plaintiff's protected activity.  Laderach v. U-Haul of Northwestern Ohio, 207 F.3d 825, 829 (6th Cir. 2000).  If a plaintiff is unable to present direct evidence of retaliatory animus, the plaintiff may prove unlawful motivation by making out a *prima facie* case of retaliation.  McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981); Wilson v. Stroh Companies, Inc., 952 F.2d 942, 945 (6th Cir. 1992).  The *prima facie* case for retaliation requires a plaintiff to establish that  "(1) he engaged in activity protected by Title VII; (2) the exercise of his civil rights was known to defendant; (3) thereafter, the defendant took an employment action adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action." Nguyen v. City of Cleveland, 229 F.3d 559, 563 (6th Cir. 2000).

Plaintiff alleges that Defendant retaliated against her for speaking to a union representative in regard to her treatment by Captain Richardson.  Plaintiff's response to her perception of unlawful discrimination is protected by Title VII.  42 U.S.C. § 2000e-3(a).  Plaintiff alleges that Defendant assigned her to  Felony Response A against her wishes in an attempt to have her constructively discharged.  Plaintiff's Complaint ¶ 6.  Defendant contends that this was not an adverse employment

9

action, and that Plaintiff's reassignment from Crime Stoppers to Felony Shift A was solely due to budget concerns. Defendant presented evidence that Plaintiff received a higher wage than civilians working in Crime Stoppers for the same duties. An employer is entitled to summary judgment if the record conclusively reveals some other nondiscriminatory reason for the employer's decision. <u>Reeves v. Sanderson Plumbing Prods., Inc.,</u> 530 U.S. 133 (2000). Plaintiff has not proffered any additional evidence to rebut Defendant's legitimate, nondiscriminatory reason. As a result, Defendant's motion for summary judgment as to Plaintiff's claim of retaliation is granted.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment as Plaintiff's claims of disparate treatment, failure to accommodate, and retaliation. The Court **DENIES** Defendant's motion for summary judgment as to Plaintiff's hostile work environment claim. .

**IT IS SO ORDERED** this 26th day of August 2005.


BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 55 in case 2:03-CV-02879 was distributed by fax, mail, or direct printing on September 6, 2005 to the parties listed.

Ricky E. Wilkins
LAW OFFICE OF RICKY E. WILKINS
119 S. Main St.
Ste. 700
Memphis, TN 38103

Sharon Harless Loy
LAW OFFICE OF RICKY E. WILKINS
119 S. Main St.
Ste. 700
Memphis, TN 38103

Wanda Abioto
LAW OFFICE OF WANDA ABIOTO
1555 Madison Ave.
Memphis, TN 38104

Honorable Bernice Donald
US DISTRICT COURT